

**FILED**

**June 19, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 8:00 AM**



## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: BILLY VAUGHN        DOCKET NO. 2014-06-0020

                                     STATE FILE NO. 69385-2014

EMPLOYER: KENNETH PARSONS
D/B/A PERFORMANCE MECHANICAL    DATE OF INJURY: JULY 20, 2014

                                       JUDGE: JOSHUA BAKER

INSURANCE CARRIER: NATIONWIDE

## ORDER OF DISMISSAL

THIS CAUSE came before the undersigned Workers' Compensation Judge on June 1, 2015, for a hearing on the Motion to Dismiss filed by Kenneth Parsons d/b/a Performance Mechanical (Mr. Parsons). The Court conducted the hearing by telephone. Attorney Gary Wilkinson represented Mr. Parsons at the hearing. Billy Vaughn, the employee, participated without an attorney.

## HISTORY OF THE CLAIM

Mr. Vaughn filed a Petition for Benefit Determination on September 4, 2014, seeking medical and temporary disability benefits for an injury that he allegedly suffered July 20, 2014, when he moved "big rocks" at a swimming pool construction site. On November 3, 2014, Mr. Vaughn requested an Expedited Hearing for medical and temporary disability benefits. Mr. Parsons also filed an Expedited Hearing request.

Following an in-person hearing, the Court issued an Expedited Hearing Order on December 22, 2014, denying Mr. Vaughn's request for temporary disability and medical benefits. In the Order, the Court deemed Mr. Vaughn's claim noncompensable based on the Court's finding that Mr. Parsons never employed Mr. Vaughn.

The Court convened an Initial Hearing on February 22, 2015, and issued an Initial Hearing Order on February 19, 2015. The Initial Hearing Order provided deadlines for completing discovery and set the claim for a Compensation Hearing on June 18, 2015. The Initial Hearing Order also required the parties to submit a witness and exhibit list to the Court no later than twenty (20) days before the Compensation Hearing.

On March 6, 2015, Mr. Wilkinson sent Mr. Vaughn a request for admissions. Mr. Wilkinson also noticed Mr. Vaughn for a deposition that same day. Mr. Vaughn did not respond to the request for admissions and did not attend the deposition.

On April 24, 2015, Mr. Parsons filed a Motion to Dismiss pursuant to Mediation and Hearing Procedure Rule 0800-02-21-.14(3) (hereinafter referred to as "Rule .14(3) motion"). In that same motion, Mr. Parsons also requested that the Court deem requests for admissions, to which Mr. Vaughn failed to respond, admitted. Mr. Wilkinson sent Mr. Vaughn a copy of the motion. The Court set the motion for a telephonic hearing.

At the hearing, the Court granted Mr. Parsons' motion to deem the requests for admissions admitted pursuant to rule 37.02 of the Tennessee Rules of Civil Procedure. After the Court deemed the requests admitted, the parties argued the Rule .14(3) motion.

## Issue

Whether the Court should dismiss Mr. Vaughn's claim for workers' compensation benefits.

## Mr. Parsons' Contentions

Mr. Parsons seeks dismissal of Mr. Vaughn's claim for two reasons. First, Mr. Parsons argues that Mr. Vaughn cannot carry his burden of proving that Mr. Parsons employed him on the date of the accident particularly in light of the admitted facts. Second, Mr. Parsons argues that Mr. Vaughn has refused to cooperate in discovery and has also failed to abide by the Court's Initial Hearing Order. Mr. Parsons argues that dismissal is an appropriate sanction for Mr. Vaughn's failure to obey this Court's order and failure to cooperate in discovery.

## Mr. Vaughn's Contentions

Mr. Vaughn opposes dismissal. He argues that he should be allowed to go forward to the final Compensation Hearing in an attempt to prove his case. With respect to the failure to cooperate in discovery, Mr. Vaughn denied that he received the request for admissions and stated that he did not attend the deposition because he had already given Mr. Parsons a statement.

## Findings of Fact and Conclusions

Rule 0800-02-21-.14(3) of the Mediation and Hearing Procedures of the Division of Workers' Compensation provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. The rule states that the injured employee shall file a response to the employer's dismissal motion within thirty (30) days after its filing and, thereafter, the Court shall set the motion for a hearing. Mr. Vaughn did not file a response within the designated time period.

Tennessee Code Annotated section 50-6-239(c)(1) (2014) provides that the Tennessee Rules of Civil Procedure govern all procedures before the Court of Workers' Compensation

2

Claims, "unless an alternate procedural…rule has been adopted by the administrator." Section 50-6-239(c)(1) (2014) further provides that "[w]henever the administrator has adopted an alternate procedural…rule that conflicts with the Tennessee Rules of Civil Procedure…the rule adopted by the administrator shall apply."

Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim which, by definition, is tied to a procedure—an Expedited Hearing—that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by section 50-6-239(c)(1) (2014) and that the determination of a Rule .14(3) motion is not governed by the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure.

By definition, a Rule .14(3) motion may be filed only after the Court denies a claim on the grounds of compensability following an Expedited Hearing. Implicit in finding of compensability at the Expedited Hearing is a determination that the evidence introduced at the Expedited Hearing did not establish that the injured worker would likely prevail at a Final Compensation Hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force an injured worker to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. If, in response to the employer's Rule .14(3) motion, the injured worker does not resolve the evidentiary inadequacies in his or her claim or articulate a clear and present intent to do so, the consequence is dismissal of the injured worker's claim.

Tennessee Code Annotated section 50-6-239(c)(6) (2014) provides that "[a]t a hearing the employee shall bear the burden of proving each and every element of the claim… ." Mr. Parsons' Rule .14(3) motion brings before the Court the issue of whether Mr. Vaughn can carry his burden of proving that he worked for Mr. Parsons on the date of the injury.

Tennessee Code Annotated section 50-6-103(a) (2014) provides that "[e]very employer and employee subject to this chapter, shall, respectively, pay and accept compensation for personal injury or death by accident arising primarily out of and in the course and scope of employment without regard to fault as a cause of the injury or death[.]" Accordingly, the scope of the Tennessee Workers' Compensation Law contemplates an employer paying workers' compensation benefits to *its* injured employee. The law defines an "employee" as "every person, including a minor, whether lawfully or unlawfully employed…in the service of an employer…under any contract of hire or apprenticeship, written or implied." Tenn. Code Ann. § 50-6-102(11)(A) (2014). "In order for one to be an employee of another for purposes of our Worker's Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." *Black v. Dance*, 643 S.W.2d 654, 657 (Tenn. 1982).

It is undisputed that Mr. Parsons is an employer. In order to recover benefits from Mr. Parsons, Mr. Vaughn has the burden of proving that he performed services for Mr. Parsons and that Mr. Parsons, expressly or impliedly, agreed to pay him for those services.

At the Expedited Hearing, Mr. Vaughn and Mr. Parsons were the only witnesses to testify. Mr. Vaughn testified, essentially, that Mr. Parsons paid him $100.00 for moving rocks at a residence where Mr. Parsons was building a pool. Mr. Parsons denied that he ever employed Mr. Vaughn. He further testified that he wrote Mr. Vaughn a check for $100.00 as a loan that John Rando, a subcontractor who worked for Mr. Parsons, agreed to repay. The Court had the opportunity to assess the credibility of both witnesses at the hearing and, after considering the testimony, held that Mr. Parsons did not employ Mr. Vaughn. The Court deemed Mr. Vaughn's claim against Mr. Parsons noncompensable for that reason. Subsequent to the Court's ruling, Mr. Parsons filed the Rule .14(3) motion.

As stated above, Parsons' Rule .14(3) motion forced Mr. Vaughn to address the above-described evidentiary inadequacy by presenting additional evidence to prove that he worked for Mr. Parsons on the date of the alleged accident. At the hearing of Mr. Parsons Rule .14(3) motion, the Court learned that Mr. Vaughn had not provided any discovery responses to Mr. Parsons counsel and had also failed to attend his scheduled deposition. Furthermore, Mr. Vaughn failed to respond to Mr. Parsons' request for admissions. Due to the failure to respond, the Court has deemed the facts admitted pursuant to rule 37.02 of the Tennessee Rules of Civil Procedure. The admitted facts include admissions that Mr. Vaughn was not an employee of Mr. Parsons at any time.

Finally, this matter is set for trial on June 18, 2015. At the time of the motion hearing, however, Mr. Vaughn had not filed a witness and exhibit list with the Court and had not served one on Mr. Parsons' counsel. Because Mr. Vaughn failed to file a witness and exhibit list before the deadline established in the scheduling order, he cannot present any exhibits or witness testimony, other than his own, at the Compensation Hearing. As stated above, the Court has already heard Mr. Vaughn's testimony and did not find it compelling. As Mr. Vaughn cannot present any proof other than his own, non-compelling, testimony at the Compensation Hearing, he cannot carry his burden of proving that he worked for Mr. Parsons. Therefore, he cannot prevail at the Final Compensation Hearing.

For all these reasons, the Court finds Mr. Parsons' motion well-taken and dismisses Mr. Vaughn's claim. Rule .14(3) does not mandate whether a dismissal thereunder is with or without prejudice. In light of the foregoing, the Court dismisses Mr. Vaughn's claim with prejudice.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Vaughn's claim for benefits under the Tennessee Workers' Compensation Act is dismissed with prejudice; and

2. The Court assesses the $150 filing fee in this claim to Mr. Parsons and/or his workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Division of Workers' Compensation. Mr. Parsons or

4

his carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty (30) days.**

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 19th DAY OF JUNE, 2015.

_____
Judge Joshua Davis Baker
Tennessee Court of
Workers' Compensation Claims

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order of Dismissal to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen (15) days after filing the request for appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(4). Alternatively, the parties may file a statement of the evidence. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeal's Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order of Dismissal was sent to the following recipients by the following methods of service on this the 19th day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address/mailing address |
|---|---|---|---|---|---|---|
| **Billy Vaughn** | x | | | | | 150 N. Lakeview Dr. Lebanon, Tennessee 37087 |
| **Gary Wilkinson** | | | | | x | Wilking2@nationwide.com |

**Penny Patterson-Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WCCourt.Clerk@tn.gov**

6